```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


KELLI YATES, CYNTHIA BEJSTER,    )
                                 )
            Plaintiffs           )
                                 )
            v.                   )   CIVIL NO. 2:10 cv 397
                                 )
TRI-CITY COMPREHENSIVE COMMUNITY )
MENTAL HEALTH CENTER, INC.;      )
SOUTHLAKE/TRI-CITY RBA CORP.;    )
SOUTHLAKE COMMUNITY MENTAL       )
HEALTH CENTER, INC.,             )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 41] filed by the plaintiffs, Cynthia Bejster and Kelli Yates, on November 30, 2011. For the following reasons, the motion is **GRANTED**.

Background

This matter arises from the termination of the plaintiffs, Kelli Yates and Cynthia Bejster, from Tri-City Comprehensive Community Mental Health Center, Inc., following a requested leave of absence for childbirth. The plaintiffs filed a complaint on October 7, 2010, alleging pregnancy and sex discrimination, and on March 25, 2011, the court held a Rule 16 preliminary pretrial conference and set the discovery deadlines. The plaintiffs served the defendants with their First Request to Produce Documents on April 29, 2011. The defendants responded on June 14,

2011.  Plaintiffs' counsel found the responses inadequate and requested a discovery conference.  The parties held a discovery conference, and the plaintiffs' counsel followed up with a letter requesting a response to several document requests that the defendants objected to or did not answer as modified by agreement at the discovery conference.  The defendants have not provided a response to the requests contained in the letter.

The plaintiffs served interrogatories on the defendants on August 17, 2011, and September 2, 2011.  The defendants responded to both requests on September 30, 2011.  The defendants answered three of the interrogatories in the first set and objected to or failed to answer the remainder of the questions.  The defendants stated they would produce a response to Request Number 7 of the plaintiffs' second set of interrogatories, but they objected to the rest of the questions contained in the second set.

The parties held three discovery conferences in an effort to resolve their dispute.  Over the course of their discussions, defense counsel agreed to produce responses to several of the plaintiffs' interrogatories.  The plaintiffs' counsel sent defense counsel a letter on October 21, 2011, restating various outstanding document requests previously made to the defendants that were mentioned during the course of a deposition that was held on October 7, 2011.  The plaintiffs' counsel e-mailed

defense counsel on October 27, 2011, to schedule a meeting to discuss the outstanding discovery requests and to inquire about the information the defendants previously agreed to produce but had not provided.  The plaintiffs agreed to withdraw Interrogatory Number 16 of the first set of interrogatories, and the defendants agreed to respond to Interrogatory Numbers 14-15 and 17-19 of the first set.

On October 28, 2011, the plaintiffs inquired about the outstanding document requests.  Defense counsel stated that he would respond to the document requests, and the plaintiffs requested the responses by November 14, 2011.  At a November 1, 2011 deposition, defendants' counsel agreed that the parties had resolved all discovery issues.  However, the defendants did not provide any of the information they agreed to produce.  The plaintiffs' counsel sent an e-mail on November 11, 2011, inquiring when the responses would be produced.  The plaintiffs' counsel reiterated that they needed the information by November 15, 2011, and instructed the defendants that the plaintiffs would file a motion to compel if the responses were not produced by that date.  The defendants' counsel represented that he was handling a family emergency and needed additional time to respond.  The responses and documents were not produced, and the plaintiffs' counsel proceeded to file the present motion to

compel on November 30, 2011.  In response, defense counsel requests additional time to provide responses to the outstanding discovery.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things."  Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  **Chavez v. DaimlerChrysler Corp.,** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* **Oppenheimer Fund, Inc. v. Sanders,** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  **Borom v. Town of Merrillville**, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* **Sanyo Laser Prods., Inc. v. Arista Records, Inc.**, 214 F.R.D. 496, 502 (S.D. Ind. 2003)).  *See also* **Adams v. Target,** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discov-

ery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle,*** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calcu-lated to lead to the discovery of admissible evidence." ***Cunning-***

*ham*, 255 F.R.D. at 478 (*citing* ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted).  Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court."  ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

The defendants do not dispute that they agreed to provide responses to the interrogatories and document requests the plaintiffs identified in their motion.  However, the defendants requested additional time, until December 31, 2011, to provide the responses.  This time has since passed.  If the defendants have not already provided responses to the interrogatories and document requests, the defendants are **DIRECTED** to do so within 14 days of this Order.

The only objections the defendants made to the plaintiffs' motion was to the request for responses to four questions Angela Comsa was instructed not to answer at her deposition.  The defendants complain that the plaintiffs only certified one ques-

6

tion, arguing that this should be the only question the court may review. However, the defendants did not submit any authority stating that each question must be certified individually to obtain court review, nor has the court been able to find any. Federal Rule of Civil Procedure 30(f) requires only that the officer transcribing the deposition certify in writing that the witness was duly sworn and that the deposition accurately reflects her testimony.

The defendants objected to the four questions on the grounds of relevance and instructed Comsa not to respond. However, Rule 30(d)(3) states that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Relevance is not a ground on which a deponent can refuse to answer. Therefore, the defendants must produce a response.

_____

Based on the foregoing, the Motion to Compel [DE 41] filed by the plaintiffs, Cynthia Bejster and Kelli Yates, on November 30, 2011, is **GRANTED**. The defendants are instructed to tender responses to the following discovery requests within 14 days:

> (1) The plaintiffs' discovery requests contained in the letter sent by plaintiffs' counsel to defendants' former counsel on August 16, 2011;

      (2)    Each of the plaintiffs' First Set of Interrogatories;

      (3)    The plaintiffs' Second Set of Requests for Production of Documents; and

      (4)    Yates' Supplemental Interrogatories to the defendants.

The defendants also must submit a written, sworn, certified answer to the four questions the defendants' counsel instructed Comsa not to answer at her deposition.

    ENTERED this 23rd day of March, 2012

                                        s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge